IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN H. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-J-1948-NE |
| | ) | |
| THOMAS E. WHITE, | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Currently pending before the court is defendant's motion for summary judgment or alternatively for partial summary judgment (doc. 20), defendant's brief and evidentiary submission (doc. 21) in support of said motion, plaintiff's brief and evidentiary submission (doc. 23) in opposition, and defendant's reply brief.

**I. Facts**

Plaintiff, Carolyn Lucas, was working as a GS-13 at the Program Executive Office, Tactical Missiles at Redstone Arsenal. Defendant's Exh. 1. In January of 1999, a GS-14 position became vacant in the Space and Missile Defense Command. Id. at 7. A selection panel was created to screen candidates for the

position. The panel was made up of Richard Kowallik, Janet Smith and Lieutenant Colonel Ed Martin, who would make the ultimate decision. Defendant's Exh. 3 at 97; Exh. 4 at 27; Exh. 9 at 6. A list of 101 candidates was submitted to the panel. Defendant's Exh. 7 at 19. These candidates were ranked using the Army Civilian Career Evaluation System (ACCES) score. A candidate's supervisor ranks the candidate on 72 factors to achieve an overall score. Defendant's Exh. 7 at 20. The panel considered only those candidates with an ACCES score of 3.0 or higher. Defendant's Exh. 4 at 30-31.

This criteria narrowed the list of candidates to 33 (down from the original 101). Defendant's Exh. 6. Plaintiff was tied for fourth in terms of highest ACCES scores. *Id.* The ultimate person selected for the position, Denise Owens, was ranked ninth in terms of ACCES score. *Id.* The panel reviewed the candidates and Kowallik selected Owens, while Smith selected Lynne Washburn, ranked fifteenth in ACCES score. Defendant's Exh. 4 at 32-33; Exh. 6. LTC Martin choose to defer to the selection of the panel member who would serve as the supervisor of the position and thus Owens was selected for the position. Defendant's Exh. 9 at 13-14.

Dating back as far as 1996, plaintiff alleges that she participated in protected activity. Included in this activity was the making of an "informal"

EEOC charge in March 1996 and statements against discrimination that plaintiff made at a command-wide meeting in July 1997. Defendant's Exh. 2 at 30, 34-36.

Plaintiff subsequently filed an administrative complaint for discrimination on June 3, 1999. Defendant's Exh. 8. An Administrative Judge ("AJ") held a hearing into the complaint and found that defendant did not discriminate against plaintiff. Defendant's Exh. 10. On August 3, 2001, plaintiff filed this action for retaliatory discharge and race discrimination.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A

factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

A. Retaliatory Discharge Claim

Plaintiff's claim for retaliation under Title VII is evaluated using the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A prima facie case of retaliation under Title VII is established by demonstrating that: (1) plaintiff participated in an activity protected by Title VII; (2) plaintiff suffered an adverse personnel action; and (3) there is a casual link between the protected activity and the adverse employment action. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1457 (11th Cir. 1998). Should plaintiff set forth a prima facie case, the burden is on the defendant to set forth a legitimate, non-discriminatory reason for the adverse employment action. *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013 (11th Cir. 1994). The burden then shifts back to plaintiff to demonstrate that the reason proffered by defendant was a pretext for racial discrimination. *Id.* Defendant argues that plaintiff has failed to set forth a prima facie case of retaliation because there is no causal connection between her protected activity

and her non-selection for the GS-14 position. Plaintiff participated in several forms of alleged protected activity including the filing of several prior EEOC complaints for retaliation due to racial discrimination. The closest of these filings prior to the events at issue was in March 1996.[1] Defendant's Exh. 2 at 30. Thus, there is a gap of 3 years, 3 months between the filing of this EEOC charge and the plaintiff's non-selection for the position in June 1999. Additionally, plaintiff alleges that she engaged in a variety of other informal types of protected activity. These activities include advocating on behalf of other minority employees concerning a reorganization of the command, which some minorities felt was discriminatory towards them. *Id.* at 28-29. Plaintiff also spoke in opposition to alleged discrimination at a command-wide meeting. *Id.* at 34-35. By plaintiff's own acknowledgment, plaintiff ceased these activities when she left the command in July 1997. *Id.* at 36. Thus, there is a gap of approximately 2 years between the last instance of plaintiff's alleged protected activity and the alleged reprisal for participating in that activity.

The causal link requirement in Title VII reprisal cases is to be construed broadly in that a plaintiff need only demonstrate that the protected activity and the

---

[1] It should be noted that plaintiff has filed approximately 7 total EEOC charges. One in 1991, the 1996 charge that was most recent to the selection at issue, and then five more for other positions she was denied after the position at issue. Defendant's Exh. 2 at 29-33.

6

alleged reprisal are not completely unrelated. *Robertson v. Jefferson County Rehabilitation & Health Center*, 201 F.Supp.2d 1172, 1178-79 (N.D. Ala. 2002). However, the Court of Appeals for the Eleventh Circuit and a variety of other courts have found that where the temporal period between the activity and reprisal is too remote, plaintiff must put forth some evidence outside of their sheer proximity in order to demonstrate the causal connection. *See, e.g., Maniccia v. Brown*, 171 F.3d 1364, 1369-70 (11th Cir. 1999). "[W]here a substantial period of time has elapsed between the two events – engagement in the protected activity and the adverse employment action - the causal connection is less likely to exist absent evidence demonstrating a connection between the two events." *Breech v. Alabama Power Co.*, 962 F.Supp. 1447, 1461 (S.D. Ala. 1997).

The 2-year gap between the protected activity and alleged reprisal is too remote in the present circumstances to infer a casual connection. Thus, plaintiff must submit some other evidence of a causal connection.

The only other evidence submitted to indicate a causal connection is that plaintiff made an informal EEO complaint to her supervisor regarding her not obtaining this same position when it came open previously. Defendant's Exh. 2 at 30-31. Plaintiff alleges that she agreed to withdraw this informal claim after her supervisor, in March 1996, agreed to "rectify it at the first opportunity." *Id.* at 30-

7

31. Plaintiff appears to be alleging that this means she should automatically have received this position and that plaintiff's speaking out against racial discrimination caused her supervisor to fail to keep his promise. Plaintiff's Brief at 6.

However, this alleged instance, which occurred over 3 years prior to the selection of this position, is likewise too far removed to sufficiently meet the causation element. Furthermore, the actions of this supervisor indicate some willingness to listen to EEO issues. Additionally, the main decision maker in the selection for the position at issue, Kowallik had previously given plaintiff a very positive performance appraisal. Plaintiff's Exh. 2 at 96. Kowallik also encouraged plaintiff to attend and enter into the Competitive Development Group for the top employees within the Army. *Id*; Defendant's Exh. 2 at 67.

Therefore, plaintiff has failed to set forth a prima facie case of Title VII retaliation due to her failure to establish a causal connection between her protected activity and the alleged reprisal. The court shall grant defendant's motion for summary judgment as to the retaliation claim.

B. Race Discrimination Claim:

Plaintiff also alleges a claim for race discrimination in the defendant's selection of a white employee over her. To establish a prima facie case of race

discrimination based upon a failure to promote, plaintiff must demonstrate that: 1) she is a member of a protected minority, 2) she was qualified and applied for the promotion, 3) she was rejected despite her qualifications, and 4) other equally or less qualified employees who were not members of the protected minority were promoted. *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1339 (11th Cir. 2000). Should plaintiff successfully set forth a prima facie case, a burden shifting analysis regarding the presence of a legitimate non-discriminatory reason and pretext, is then conducted. *Id.*

Defendant does not dispute that plaintiff has set forth a prima facie case. However, defendant persuasively argues that it had a legitimate non-discriminatory reason for promoting a white employee over the plaintiff. At the outset, the Court of Appeals for the Eleventh Circuit has found that with respect to supervisory employees, an employer should be given more leeway in selecting candidates especially where subjective criteria are at issue. *Chapman v. AI Transport*, 229 F.3d at 1034. The position at issue here was a supervisory position, a GS-14 Supervisory Procurement Analyst. Defendant's Exh. 7 at 39.

Kowallik, with the concurrence of LTC Martin, found that Owens was the best qualified candidate for the position. Kowallik selected Owens because "based on the evaluation criteria that was used [Owens] met the elements of the

job description announced by the CPO in my opinion more than any other candidate." Defendant's Exh. 4 at 36. Additionally, Kowallik ranked the candidates based upon a personal matrix and Kowallik found Owens to be the top-ranked candidate. Defendant's Exh. 3 at 99, 109. In fact, plaintiff acknowledges in her brief that defendant has set forth a legitimate reason for not promoting plaintiff. "The burden most easily met in the McDonnell-Douglas test is that of articulating a legitimate non-discriminatory reason for a job action. The fact that Kowallik and Smith were able to do so is hardly surprising." Plaintiff's Brief at 9. Therefore, defendant has adequately set forth a legitimate non-discriminatory reason for failing to promote defendant.

In regard to evidence of pretext, plaintiff admits in her brief that the disparity in qualifications between the selectee and the plaintiff "were not so great as to establish pretext on their face." Plaintiff's Brief at 9. Nonetheless, plaintiff submits defendant's legitimate reason is a pretext for racial discrimination based on two separate incidents. First, plaintiff was the only individual who was a finalist on both of the panel members, whereas the final selectee was the finalist for only one of the only members. Defendant's Exh. 4. at 48-49; Plaintiff's Exh. 2 at 150. However, plaintiff was not the number one choice of either panel member. Additionally, the fact that plaintiff became a finalist for this position in and of

itself demonstrates evidence of a lack of racial animus. Thus, this incident simply does not demonstrate any pretext on the part of defendant.

Second, plaintiff contends that when Kowallik was first questioned by the EEOC investigator regarding why he did not select plaintiff for the position, he stated that he did not use a matrix of factors and based his decision on the fact that plaintiff "was not a strong people person, would not make a strong mentor, and had no strategic vision." Defendant's Exh. 8, p. 20. However, in a subsequent hearing before the EEO investigator and in his deposition testimony, Kowallik stated that he did in fact use a matrix and downplayed the role that plaintiff's lack of people skills and vision played in his decision.[2] Plaintiff's Exh. 2 at 115, 118-119.

A proffered legitimate reason may be demonstrated to be a pretext in one of two ways: 1) by showing that the legitimate non-discriminatory reasons should not be believed or 2) by showing that in the light of all of the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1332 (11th Cir. 1998). The contradictions

---

[2]Kowallik stated in subsequent testimony that he originally said that he had no matrix because he misinterpreted the question. There is some evidence that he may have misinterpreted the question, because immediately below the "no matrix" statement is a statement from LTC Martin saying that "he did have a matrix." However, it is not clear if this statement refers to Martin or Kowallik. Regardless, a fact-question has been created.

in Kowallik's testimony create a genuine issue of fact with respect to whether or not the reason for not promoting plaintiff should not be believed.  Where an individual elaborates or provides more detail on the reasons why an individual was fired, there is no evidence of pre-text.  *Standard*, 161 F.3d at 1332; *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).  Conversely, where an individual's reasons for not promoting someone change, evidence of pre-text has been provided.  The fact that Kowallik stated in prior testimony that he did not use a matrix in making the decision and then later stated he did use a matrix and then downplayed his prior reasons, is sufficient to create a genuine issue of fact regarding the reason for defendant's decision.

Therefore, defendant's motion for summary judgment as to plaintiff's race discrimination claim shall be denied.

C. Failure to Exhaust Remedies - Compensatory Damages

Defendant asserts in the alternative that plaintiff is barred from receiving compensatory damages because she did not first raise the issue in the administrative process.  Plaintiff acknowledges that she did not make a claim for compensatory damages in her formal charge of discrimination.  However, she denied that she never raised the issue during the administrative proceedings.

During settlement negotiations which took place prior to the suit being filed, her claim for compensatory damages was discussed on at least two occasions. Plaintiff's Exh. 4 at ¶ 3(1).

The Court of Appeals for the Fifth Circuit has held that an "employee need not present [her] claim for compensatory damages in a legal or technical manner...[the employee] must, however, inform the employing agency or the EEOC of the particular facts of the case that demonstrate [she] has suffered an emotional or mental injury that requires the payment of compensatory damages to make him whole." *Fitzgerald v. Secretary, U.S. Department of Veteran Affairs*, 121 F.3d 203, 208 (5th Cir. 1997). An example of sufficient notification of these "particular facts" is where an individual notifies the defendant that he was hospitalized as a result of illegal discrimination. *Id.* The burden would then shift to the defendant to investigate the claim. *Id.*

Plaintiff has submitted an affidavit as part of her evidentiary submission that attests to the fact that she raised the issue of compensatory damages during her settlement talks. Plaintiff's Exh. 4. This issue was alleged by plaintiff to have been raised by providing defendant with her "extensive" medical bills during settlements talks. *Id.* Therefore, plaintiff's claim for compensatory damages shall not be barred.

## IV. Conclusion

Based upon all of the foregoing, defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part. Defendant's motion is hereby **GRANTED** as to plaintiff's claim for retaliatory discharge. Defendant's motion is hereby **DENIED** as to plaintiff's claim for race discrimination.

**DONE** and **ORDERED** this the 2 day of December, 2002.

Inge P. Johnson
U.S. District Court